lie against the defendant in respect to that part of the publication in question.

THE COURT further remarked that the decision of some of the other important points in the case depended upon facts at issue between the parties, upon which the proofs were not yet fully completed; and that, the master not being directed to take proofs, his report was not definitive upon other points that might have an important bearing on the final decision, and therefore the court would defer pronouncing any opinion upon the question whether these law reports are subjects of copyright; and, if they may be so to any extent, what parts are to be regarded original matter entitled to be so protected; and also whether the defendant's publication is to be regarded a fair abridgment or a copy or colorable transcript of the complainant's work, or whether the defendant is entitled to claim any part of his publication as an original composition or compilation,—until the cause should be brought to a hearing upon the pleadings and proofs.

THE COURT further ruled that the complainants were not bound to resort to a suit at law and establish their right in the first instance; and that, if they are entitled to the privilege of copyright, the remedy at law is not adequate to the defence and protection of such right; and that, accordingly, injunction, as an appropriate and secure remedy, will be retained until the cause is disposed of upon the merits.

Motion for continuance of injunction. On granting the injunction the circuit judge had ordered a reference to an auditor to collate the book alleged to be pirated and report to the court whether it be taken wholly or in substance from plaintiffs' work, or is original or a fair abridgment. On the coming in of the report, and hearing counsel on both sides, THE COURT decided that the publication by defendant of the opinions of the court was not an infringement of the plaintiffs' copyright; that whether the statements of the cases and arguments of the counsel were copied from the plaintiffs' work, or were digested and prepared by the defendant, were matters of fact to be determined upon the proofs; and that the injunction stand until the next term, to enable proofs to be furnished, and, if the plaintiff did not then set down and bring on the cause to hearing, the injunction be dissolved.

GOULD (LEWIS v.).   See Case No. 8,324.

GOULD (LITTLE v.).   See Cases Nos. 8,394 and 8,395.

## Case No. 5,640.

### GOULD v. LITTLE.

[See Case No. 8,395.]

GOULD (UNITED STATES v.).   See Case No. 15,239.

GOULD (WASHBURN v.).   See Case No. 17,-214.

GOULD (WOODWARD v.).   See Case No. 18,004.

GOULD, The JAY.   See Case No. 7,245.

## Case No. 5,641.

### GOULDING v. FENWICK.

[2 Cranch, C. C. 350.] [1]

Circuit Court, District of Columbia.   Oct. Term, 1822.

JUSTICE OF PEACE—FIERI FACIAS — GARNISHMENT —SALE—JURISDICTION OF CIRCUIT COURT.

1. This court has no jurisdiction to quash a fieri facias, issued by order of a justice of the peace, from the office of the clerk of this court, under the 4th section of the act of congress, of the 3d of May, 1802 [2 Stat. 193], and the 15th section of the act of 24th June, 1812 [Id. 755], nor to render judgment of condemnation of the rights and credits returned upon such fieri facias as levied upon by the constable in the hands of a third person.

2. The law has provided no means to compel the garnishee to pay the money in his hands.

A fieri facias against the rights and credits only of the defendant was issued from the office of the clerk of this court, by order of the justice of the peace who rendered the judgment, and was returnable to the same office on the 1st Monday of October, 1822. This fieri facias was issued under the 4th section of the act of congress of the 3d of May, 1802 (2 Stat. 193), and the 15th section of the act of the 24th of June, 1812 (2 Stat. 755). By the 4th section of the act of 1802, it is enacted that no ca. sa. shall issue on any judgment in any case where the judgment, exclusive of costs, shall not exceed twenty dollars; "but that in such cases execution shall be only on the goods and chattels of the debtor, and shall issue, by order of the justice who may have taken cognizance of the action from the clerk's office, and shall be returnable thereto, and that all such executions be returnable on the first Monday of every month." By the 15th section of the act of 1812, it is enacted, "that upon a fieri facias issuing out of the office of the clerk of the county of Washington, upon the judgment of a magistrate, the plaintiff, upon such fieri facias, shall be entitled to have his execution against the goods and chattels, lands and tenements, rights and credits of the defendant." The constable returned on the execution, that he had "levied on the rights and credits of John Fenwick, in the hands of Matthew Wright, and served a notice of the same, in writing, on the said Wright, notifying him to retain the sum of $20.49, it being the amount of the debt, interest, and costs."

Mr. Key, for plaintiff, moved for a rule on the defendant and garnishee, to show cause

---

[1] [Reported by Hon. William Cranch, Chief Judge.]